Filed 2/23/21  Reggio v. Sibner CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LISA REGGIO, | F080699 |
| Plaintiff and Appellant, | (Super. Ct. No. BCV-17-102068) |
| v. | |
| WILLIAM SIBNER, | **OPINION** |
| Defendant and Respondent. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  David R. Lampe, Judge.

Lamberto Law Office and Peter Nicholas Lamberto for Plaintiff and Appellant.

William Sibner, in pro. per., for Defendant and Respondent.

-ooOoo-

Plaintiff Lisa Reggio sued the owner of an adjacent lot, alleging causes of action for trespass, nuisance, and intentional infliction of emotional distress.  The owner of the adjacent lot moved for summary judgment based on the statute of limitations, contending Reggio had known about the encroaching propane tank and enclosure, concrete driveway

---

\*       Before Levy, Acting P.J., Franson, J. and Meehan, J.

with curbs, and pump enclosure since 2006. Reggio admitted all the facts listed in adjacent lot owner's separate statement were undisputed. She argued the statute of limitations had not run because the trespasses and nuisances were continuing rather than permanent and argued summary judgment was not appropriate because the moving papers failed to include facts establishing the encroaching items qualified as permanent trespasses and nuisances under California law. The trial court rejected this argument and granted summary judgment. Reggio appealed.

The issues presented are narrow because none of the facts asserted in the adjacent lot owner's separate statement are disputed. As a result, we accept those facts as true without analyzing the supporting evidence. Our examination focuses on whether the stated undisputed facts are sufficient to carry the moving party's initial burden of showing the causes of action had no merit because "there is a complete defense to the cause[s] of action." (Code Civ. Proc., § 437c. subd. (p)(2).)[1] Because Reggio has known of the encroachments since 2006 and her lawsuit was not filed until 2017, the three-year statute of limitations will constitute a complete defense if the adjacent lot owner has established the trespasses and nuisances qualify as "permanent."

To identifying the facts "material" to the statute of limitations defense, we turn to *Starrh and Starrh Cotton Growers v. Aera Energy LLC* (2007) 153 Cal.App.4th 583 (*Starrh*), where we described the distinction between permanent and continuing trespasses and set forth the applicable tests. The primary question is "whether the trespass or nuisance can be discontinued or abated." (*Id*. at p. 594.) The applicable tests address, among other things, whether the trespass or nuisance can be abated "in a reasonable manner and for reasonable cost" and whether the abatement "is feasible." (*Id*. at p. 594.) We conclude reasonableness and feasibility present questions of fact and, therefore, the underlying facts about the manner and cost of abatement are "material" to

---

**1**    All unlabeled statutory references are to the Code of Civil Procedure.

deciding whether the encroaching items are permanent or continuing trespasses and nuisances.

Here, the adjacent lot owner's separate statement of undisputed material facts included no facts addressing the manner and cost of abatement or the feasibility of abatement. Consequently, the separate statement did not carry the moving party's initial burden because it did not set forth "plainly and concisely all material facts" needed to show the encroaching items constituted permanent trespasses or nuisances. (§ 437c, subd. (b)(1).) Furthermore, the omission of these material facts from the separate statement cannot be regarded as cured by the supporting evidence presented with the summary judgment motion because that evidence did not address, much less establish, the existence of the omitted material facts. Accordingly, the motion for summary judgment should have been denied.

We therefore reverse the judgment.

**FACTS**

In 2002, defendant William Sibner (Neighbor) acquired a lot in Kern County with an address on Zurich Way in Pine Mountain Club (Lot 76). When Neighbor acquired Lot 76, it included a propane tank, an enclosure for the propane tank, and a concrete driveway. In 2006, Neighbor installed a pump enclosure and added curbs to the concrete driveway.

In 2003, Reggio acquired an undeveloped lot on Zurich Way in Pine Mountain Club (Reggio Lot). The Reggio Lot is adjacent to and north of Lot 76.

Since 2006, Reggio has been aware of the propane tank, its enclosure, the driveway with curbs, and the pump enclosure. For purposes of this opinion, we refer to the propane tank, its enclosure, the concrete driveway, the curbs, and the pump enclosure as the "encroaching items." In 2006, Reggio called the Pine Mountain Club Property Owners' Association to complain about the encroaching items and to ask the owners' association to take action. In July 2006, the owners' association responded with a letter

3.

asking Reggio "to discuss your future building concerns with your neighbor when the time comes for you to build" and stating Reggio could "probably come to an agreement both you and your neighbor can live with." Subsequent discussions with the owners' association did not resolve the matter.

In October 2012, Reggio's father, with her authorization, hired a surveyor to survey her lot. After the survey was completed, Reggio's father contacted Bob Clark of the owners' association to provide him a copy of the survey and discuss how the encroaching items violated the association's covenants, conditions and restrictions (CCR's). Bob Clark asked Reggio to address the dispute directly with Neighbor. The communications between Reggio and Neighbor did not resolve the matter.

## PROCEEDINGS

In September 2017, Reggio initiated this lawsuit. In October 2017, Reggio filed a second amended complaint against Neighbor and defendant Pine Mountain Club Property Owners' Association. In that pleading, Reggio admitted she knew of the encroaching items and had complained about them to Neighbor from 2008 through 2017.

In November 2018, Pine Mountain Club Property Owners' Association filed a motion for summary judgment asserting Reggio could not prevail on her causes of action for breach of written contract and breach of fiduciary duty because the claims were barred by the statute of limitations. Reggio opposed the motion, asserting the continuing accrual doctrine prevented the respective statutes of limitations from operating as a complete bar to recovery. In March 2019, the trial court granted the motion and entered a judgment in favor of Pine Mountain Club Property Owners' Association.

In August 2019, Neighbor filed a motion for summary judgment, separate statement of undisputed facts, and a compendium of supporting evidence. Neighbor's compendium of evidence contained one exhibit—the compendium of declarations and exhibits submitted by Pine Mountain Club Property Owners' Association in support of its motion for summary judgment.

4.

In October 2019, Reggio filed a memorandum of points and authorities in opposition to the motion, a separate statement in opposition to the summary judgment motion, and a declaration by her attorney. Reggio's separate statement responded "Undisputed" to each of the 16 enumerated facts in Neighbor's separate statement. In addition, her separate statement did not set forth any additional facts she contended were material. (See Cal. Rules of Court, rule 3.1350(f)(3) [content of separate statement in opposition to motion].) Reggio argued the motion was defective because it incorrectly characterized the trespasses and nuisances at issue as permanent rather than continuing. Reggio cited *Starrh*, *supra*, 153 Cal.App.4th 583 as support for the principles used to distinguish between permanent and continuing trespasses and asserted the trespasses and nuisances could be abated. For instance, Reggio argued the cost of moving the hot water circulating pump enclosure would be negligible because it was only about three feet by three feet. The declaration of Reggio's attorney stated he had spoken to two local propane suppliers and they both told him that the subject propane tank could be relocated for $80.

Neighbor filed a reply, asserting the continual accrual doctrine raised in Reggio's opposition was inapplicable. Neighbor described the encroaching items as "a large propane tank and fixed tank enclosure, a concrete driveway, and 6-inch concrete curbs along side the driveway" and asserted they would require considerable effort to move and reinstall. Neighbor also filed evidentiary objections to the declaration of Reggio's attorney. For example, he objected to the attorney's statements about the cost of relocating the propane tank on the grounds the statement included hearsay, lacked foundation, and was irrelevant.

In November 2019, the trial court held a hearing on the summary judgment motion. The court announced its tentative ruling to grant the motion, heard argument from the parties, and took the matter under submission. Within a week, the trial court issued a written ruling stating:

"The court grants … [Neighbor's] motion for summary judgment, finding [Reggio's] claims against [him] are time-barred pursuant to … §§ 335.1 and 338(b) as a matter of law.  As this Court has previously ruled, the harm in this case is not continuous in nature and, as such, [Reggio's] contention that the nuisance of which she complains is [continuous] in nature is unsupported by the facts and the law.  Where the alleged nuisance is [permanent] in nature, such as construction of solid structures encroaching on the plaintiff's land, 'plaintiffs ordinarily are required to bring one action for all past, present and future damages within three years after the permanent nuisance is erected.'  [Citation.]  Accordingly, each of [Reggio's] claims are barred."

On November 21, 2019, the trial court signed and filed a written order granting the motion for summary judgment.  The order also stated Neighbor was the prevailing party in the action and entitled to recover his costs under section 1032.  Reggio submitted objections to the form of order prepared by Neighbor and executed by the court.  On December 3, 2019, the court issued a minute order directing drafting errors in its November 7, 2019 ruling to be corrected nunc pro tunc and stating "[i]n light of the correction, the clerk's minutes of this order shall constitute the order of the court granting summary judgment."  In January 2020, Reggio filed a notice of appeal.

In November 2020, this court granted its own motion to augment the clerk's transcript to include (1) the compendium of evidence in support of Neighbor's motion for summary judgment, (2) an August 1, 2019 declaration of Neighbor, (3) Neighbor's objections to the evidence offered by Reggio in opposition to the motion for summary judgment, and (4) Reggio's response to Pine Mountain Club Property Owners' Association separate statement of undisputed material facts, which Reggio filed on January 22, 2019.  (Cal. Rules of Court, rule 8.155(a)(1)(A).)

In December 2020, after the clerk's transcript had been augmented, Reggio filed a request for leave to file a supplemental brief.  Reggio asserted that if this court intended to affirm the summary judgment on a ground not relied upon by the trial court, we must afford the parties an opportunity to present their views on the issue.  (See Gov. Code, § 68081.)  On December 21, 2020, the court sent the parties a letter directing them to file

6.

sequential supplemental briefs addressing (1) the adequacy of Neighbor's separate statement of undisputed material facts, and (2) whether any omission of material facts from Neighbor's separate statement had been cured by the evidence presented by Neighbor or by the application of collateral estoppel (i.e., issue preclusion).

On January 19, 2021, Reggio filed her supplemental letter brief, arguing the omission of material facts addressing whether the nuisance was continuing or permanent had not been cured by the evidence presented and collateral estoppel was not applicable. On February 2, 2021, Neighbor filed his supplemental letter brief. Neighbor asserted the rule of law defining whether a trespass or nuisance is continuing or permanent is well settled. He cited *Spar v. Pacific Bell* (1991) 235 Cal.App.3d 1480 for the principle that a nuisance is permanent if it involves a "solid structure" upon the land or is "of such a character as it will be reasonably certain, or will be presumed, to continue indefinitely, or affect the value of the property permanently." (*Id*. at pp. 1484–1485.) Neighbor argues the encroaching items, by their very nature, are such structures and indicate an intention that the trespass will be permanent. Neighbor contends further details about the encroaching items were not needed to carry his burden and Reggio did not present any additional material facts in her separate statement.

## DISCUSSION

### I. STANDARD OF REVIEW

A motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (§ 437c, subd. (c).) When reviewing the grant of a motion for summary judgment, appellate courts "independently review the record and apply the same rules and standards as the trial court." (*Powell v. Kleinman* (2007) 151 Cal.App.4th 112, 121.) Thus, both trial courts and appellate courts apply the three-

7.

step analysis this court set forth in *Brantley v. Pisaro* (1996) 42 Cal.App.4th 1591, 1602 (*Brantley*).

II.     MERITS OF THE SUMMARY JUDGMENT MOTION

    A.     <u>Step One:  Framing the Issues</u>

The first step in analyzing a motion for summary judgment is to "identify the issues framed by the pleadings," because the motion must show "there is no factual basis for relief on any theory reasonably contemplated by the opponent's pleading."  (*AARTS Productions*, *Inc. v. Crocker National Bank* (1986) 179 Cal.App.3d 1061, 1064; see *Brantley*, *supra*, 42 Cal.App.4th at p. 1602.)  Stated otherwise, the materiality of a fact is measured by the complaint and answer, which define the scope of the issues to be resolved at summary judgment.  (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1250.)

Here, Reggio does not contend Neighbor's moving papers are defective because Neighbor failed to identify a cause of action framed in her complaint.  Thus, we conclude the three issues identified in Neighbor's separate statement of undisputed material facts accurately completed the first step of the summary judgment analysis.  Neighbor defined the first issue by asserting:  "Plaintiff's First Cause of Action for Trespass Fails as a Matter of Law Because Any Recovery is Barred By the Statue of Limitations (Code Civ. Proc. § 338(b))."  (Boldface omitted.)  Similarly, Neighbor defined the second and third issues by stating Reggio's causes of action for nuisance and intentional infliction of emotional distress were barred by the statute of limitations.  Based on the issues framed by Neighbor's moving papers, we complete the first step of the summary judgment analysis by concluding Neighbor will be entitled to summary judgment as a matter of law if the undisputed material facts set forth in his moving papers establish the causes of action for trespass, nuisance and intentional infliction of emotional distress are barred by the statute of limitations.

8.

B.      Step Two:  The Moving Party's Showing

1.      *Defining the Moving Party's Burden*

Step two of the summary judgment analysis requires the reviewing court to determine whether the moving party's papers satisfied his initial burden and justified a judgment in its favor.  (*Brantley*, *supra*, 42 Cal.App.4th at p. 1602.)  To satisfy this burden, the moving party must "make a prima facie showing of the nonexistence of any triable issue of material fact .…"  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)  Restated in the language of the summary judgment statute, a defendant has met his "burden of showing that a cause of action has no merit if [he] has shown … that there is a complete defense to the cause of action."  (§ 437c, subd. (p)(2).)  As relevant to this case, the bar created by the expiration of the statute of limitations is an affirmative defense that qualifies as "a complete defense to the cause of action" for purposes of the statute.  (§ 437c, subd. (p)(2).)

The examination of the moving party's showing to determine whether he carried his initial burden involves two separate inquiries.  First, the court examines whether the facts listed in the moving party's separate statement, "standing alone and if true, legally require a favorable ruling on the legal issue presented."  (Zebrowski, *The Summary Adjudication Pyramid* (Nov. 1989) 12 L.A. Law. 28, 29.)[2]  Second, the court examines the evidence referenced in the moving party's separate statement to determine whether that evidence legally requires a finding of this fact.  (*Id*. at p. 30.)

The examination of the separate statement's facts seeks to determine whether the moving party provide a sufficiently developed factual picture to allow resolution of the legal issue presented.  The required presentation of facts is derived from section 437c, subdivision (b)(1), which states the moving party's "supporting papers shall include a separate statement setting forth plainly and concisely *all* material facts which the moving

_____

[2]      Former Justice John Zebrowski wrote this article while serving as a judge for the Los Angeles County Superior Court.

9.

party contends are undisputed." (Italics added.) In *Haney v. Aramark Uniform Services, Inc.* (2004) 121 Cal.App.4th 623, this court emphasized the mandatory nature of the statute's use of "shall" and the breadth of its use of "all material facts". (*Id*. at p. 632.) In addition, California Rules of Court, rule 3.1350(d) provides that the "Separate Statement of Undisputed Material Facts in support of a motion must separately identify … [e]ach supporting material fact claimed to be without dispute with respect to the cause of action .…"

Moving parties are required to set forth all material facts in their separate statement of undisputed facts for a variety of reasons, including putting the opposing party on notice of scope of the summary judgment motion and the facts to be addressed. Thus, a disregard of the statutory requirement that all material facts be set forth in the moving party's separate statement raises a question of adequate notice and implicates procedural due process concerns. (*Brantley*, *supra*, 42 Cal.App.4th at p. 1607.) The procedural due process concerns and other considerations are why "section 437c is unforgiving; a failure to comply with any of its myriad requirements is likely to be fatal to the offending party." (*Ibid*.)

In *Pierson v. Helmerich & Payne Internat. Drilling Co.* (2016) 4 Cal.App.5th 608, this court summarized certain aspects of the moving party's initial burden by stating "[a] motion for summary judgment … will be defective if the moving party fails to (1) accurately identify the facts that are material to the legal theory upon which the motion is based; (2) actually include those material facts in the separate statement; and (3) reference evidence establishing, either directly or by inference, each material fact the moving party claims is undisputed." (*Pierson*, *supra*, 4 Cal.App.5th at p. 617.) In the present appeal, Reggio admitted the facts Neighbor set forth in his separate statement. Thus, we are not concerned with whether the referenced evidence established those facts. Instead, our examination focuses on whether the stated undisputed facts include all the facts "material" to determining whether Reggio's claims are barred by the statute of

10.

limitations defense.  If material facts are omitted, Neighbor will not have carried his initial burden as moving party.  (See *Pierson*, *supra*, 4 Cal.App.5th at p. 617.)

### 2.  *Statute of Limitations: General Principles*

As background for addressing Neighbor's statute of limitations defense, we set forth some of the general principles governing the application of a statute of limitations and some specific principles tailored to causes of action for trespass and nuisance.

Statutes of limitation prescribe the length of time a plaintiff is given to bring suit or be barred.  (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191 (*Aryeh*).)  Generally, the limitations period "runs from the moment a claim accrues." (*Ibid.*; § 312 [action must be "commenced within the periods prescribed in this title, after the cause of action shall have accrued"].)  California follows the "last element" accrual rule, which provides the statute of limitations runs from the occurrence of the last element essential to the cause of action.  (*Aryeh*, *supra*, at p. 1191.)  Our Supreme Court has described the essential elements for statute of limitations purposes as "'wrongdoing, harm, and causation.'"  (*Ibid.*)

The foregoing general rules are subject to a handful of modifications and equitable exceptions that alter the initial accrual of a cause of action, the subsequent running of the limitations period, or both.  (*Aryeh*, *supra*, 55 Cal.4th at p. 1192.)  These exceptions and modifications include the discovery rule, equitable tolling, equitable estoppel, the continuing violation doctrine, the theory of continuous accrual, and waiver.  (*Ibid.*)

### 3.  *Applying the Statute of Limitations to Trespasses and Nuisances*

California law classifies some trespasses to real property and some nuisances as "permanent" and others as "continuing."  "A permanent trespass is an intrusion on property under circumstances that indicate an intention that the trespass shall be permanent.  In these cases, the law considers the wrong to be completed at the time of entry."  (*Starrh*, *supra*, 153 Cal.App.4th at p. 592); see 59 Cal.Jur.3d (2012) Trespass to

Realty, § 15 p. 436.)  The cause of action for a permanent trespass "accrues and the [three-year] statute of limitations begins to run at the time of entry."  (*Starrh*, *supra*, at p. 592; § 338.)

"In contrast, a continuing trespass is an intrusion under circumstances that indicate the trespass may be discontinued or abated.  In these circumstances, damages are assessed for present and past damages only; prospective damages are not awarded because the trespass may be discontinued or abated at some time, ending the harm. [Citation.]  Pursuant to Civil Code section 3334, damages allowed for continuing trespass include the value of the use of the property, reasonable cost of repair or restoration to the property's original condition, and the costs of recovering possession.  Continuing trespasses are essentially a series of successive injuries, and the statute of limitations begins anew with each injury.  In order to recover for all harm inflicted by a continuing trespass, the plaintiff is required to bring periodic successive actions."  (*Starrh*, *supra*, 153 Cal.App.4th at p. 592.)

As illustrated by the foregoing principles, the distinction between a continuing trespass and a permanent trespass is relevant to determining the correct measure of damages and whether the action is time-barred by the statute of limitations.  (*Starrh*, *supra*, 153 Cal.App.4th at p. 592.)  Because a rule of law rigidly distinguishing between permanent and continuing trespasses might constitute a trap for unwary plaintiffs, " 'it is held that in doubtful cases the plaintiff has an election to treat a [trespass] as permanent or continuing.' "  (*Id*. at pp. 592–593.)

A number of tests have been used to determine whether a trespass should be characterized as permanent or continuing.  (*Starrh*, *supra*, 153 Cal.App.4th at p. 593.) We resolve the parties' dispute about how to distinguish the two types of trespass or nuisance by relying on our decision in *Starrh*.  Thus, "the key question is whether the trespass or nuisance can be discontinued or abated and there are a number of tests used to answer this question."  (*Id*. at pp. 593–594.)  The tests ask if " '(1) the offense activity is

12.

currently continuing, which indicates that the [trespass or] nuisance is continuing, (2) the impact of the condition will vary over time, indicating a continuing [trespass or] nuisance, or (3) the [trespass or] nuisance can be abated at any time, in a reasonable manner and for reasonable cost, and is feasible by comparison of the benefits and detriments to be gained by abatement.' " (*Id*. at p. 594.)

### 4. *Appropriate Test for This Case*

Based on the nature and characteristic of the encroaching items—a propane tank and enclosure, a pump enclosure, and a concrete driveway with curbs—we conclude the appropriate test for determining whether these multiple trespasses and nuisances are continuing is whether, in a reasonable manner and for a reasonable cost, it is feasible to move an encroaching item. This test involves a comparison of the benefits to be gained to the cost and other detriments of moving the item. We further conclude the application of this test to the circumstances of this case presents a question of fact. (See *Starrh*, *supra*, 153 Cal.App.4th at p. 597 [generally, whether a trespass is continuing or permanent is a question of fact].)

The foregoing test is significant for purposes of Neighbor's summary judgment motion because it defines the facts that are material to his statute of limitations defense. To apply the test, we must consider the benefit of removing the encroaching items from the Reggio Lot and compare that to the cost and other detriments (if any) of removing the items.

### 5. *Neighbor's Separate Statement*

Having identified, in general terms, the material facts that Neighbor must establish to demonstrate an encroaching item constituted a permanent trespass and nuisance and, as a result, the three-year statute of limitations started running and expired, we return to Neighbor's separate statement of undisputed facts to determine whether it included those material facts. Our review of the 16 enumerated facts in Neighbor's separate statement

revealed that none of the facts address (1) the cost of moving the encroaching items, (2) other detriments to moving the encroaching items, or (3) the benefits to be realized from moving the encroaching items. For instance, the separate statement provides no facts describing the physical composition of the "enclosure for the propane tank." Neighbor assures us that it is a "structure," but the record does not indicate whether the enclosure is a fence, a shed with a roof, or something else. Similarly, the separate statement provides no facts describing the physical components of the pump enclosure. Although the undisputed facts establish the driveway was made of concrete, this fact does not establish the extent of the encroachment or provide definitive information about the cost and other detriments of removing the encroaching portion of the driveway. Also, the fact concrete was used does not necessarily require a trier of fact to infer the encroaching item can be removed only with significant effort and at a sizable cost. (§ 437c, subd. (c) [conflicting inferences].)

Consequently, we conclude Neighbor's separate statement omits facts material to his statute of limitations defense and, therefore, does not make the required prima facie showing. The undisputed facts stated, standing alone, do not require this or any court to conclude Neighbor has demonstrated the alleged trespasses and nuisances are permanent rather than continuing. Restating this conclusion in statutory language, Reggio has affirmatively demonstrated, based on the record she designated, that Neighbor violated the requirement that his "supporting papers shall include a separate statement setting forth plainly and concisely *all* material facts .…" (§ 437c, subd. (b)(1); see *Jameson v. Desta* (2018) 5 Cal.5th 594, 609 ["burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment"].) The determination that Neighbor's separate statement did not make the requisite showing necessarily leads to the conclusion that he failed to carry his initial burden and is not entitled to summary judgment.

To summarize, Neighbor's motion for summary judgment is defective because he "fai[ed] to (1) accurately identify the facts that are material to the legal theory upon which the motion [wa]s based; [and] (2) actually include those material facts in the separate statement." (*Pierson*, *supra*, 4 Cal.App.5th at p. 617.)

C.     Additional Considerations

1.     *The Moving Party's Evidence*

Although Reggio has demonstrated reversal is warranted because the motion for summary judgment omitted material facts, we directed the clerk of the superior court to augment the appellate record with Neighbor's compendium of evidence in support of his summary judgment motion. We took this additional step to confirm that, despite the separate statement's omission of material facts, the missing material facts were not plainly set forth in the moving party's evidence. If they had been, the trial court might have decided to overlook the defect in the separate statement because the evidence clearly established the omitted material facts and Reggio had a full opportunity to address those material facts.

In reviewing the augmented clerk's transcript, we have identified little if any evidence showing the cost of moving each of the encroaching items. Although Neighbor's appellate brief asserts that "they would require considerable effort and heavy equipment to install and remove," this factual assertion was not supported by a reference to any evidence. Our letter requesting supplemental letter briefs gave Neighbor the opportunity to address whether the omission of material facts from the separate statement was cured by the evidence he presented to support his motion. His letter brief argued his separate statement established the encroaching items were structures physically affixed to the ground. Thus, in Neighbor's view, there was no omission of material fact that needed to be cured.

15.

Based on the foregoing, we conclude the evidence presented to support the motion for summary judgment cannot be regarded as curing the deficiency in the material facts set forth in the separate statement.

### 2. *Collateral Estoppel and Res Judicata*

Neighbor's reply brief in support of his summary judgment motion included the contention that the trial court had (1) granted Pine Mountain Club Property Owners' Association's motion for summary judgment on statute of limitations and (2) rejected Reggio's argument that the continuing accrual doctrine could save her claims for breach of contract and breach of fiduciary duty. Neighbor argued this ruling "has res judicata and collateral estoppel effect and should not be reconsidered at this time. (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896-897.)"

In comparison to his reply brief, Neighbor's initial moving papers did not raise res judicata or collateral estoppel as a basis for granting summary judgment.[3] As a result, Reggio was not placed on notice of those grounds and alerted of the need to address them in her opposition papers. Despite this lack of notice, Reggio might have addressed the subject of issue preclusion by identifying its elements and analyzing whether those elements were satisfied in this case. To account for this possibility, we reviewed the record, as augmented, to determine the extent the parties addressed issue preclusion in the

---

[3] The Restatement Second of Judgments describes res judicata as "claim preclusion" and collateral estoppel as "issue preclusion." (Rest.2d Judgments, § 27; see Heiser, *California's Confusing Collateral Estoppel (Issue Preclusion) Doctrine* (1998) 35 San Diego L.Rev. 509, fn. 1 [terms "collateral estoppel" and "issue preclusion" are interchangeable].) For purposes of this opinion, we identify res judicata as "claim preclusion," a doctrine that "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." (*Mycogen Corp. v. Monsanto Co., supra,* 28 Cal.4th at p. 896.) We also treat collateral estoppel and issue preclusion as synonyms for the doctrine that precludes the relitigation of issue argued and decided in prior proceedings. (*Ibid.*) Because the causes of action Reggio is asserting against Neighbor were not litigated in an earlier lawsuit, our discussion here is confined to issue preclusion (i.e., collateral estoppel).

summary judgment proceedings. That review showed that the parties had not identified the elements of issue preclusion and addressed whether those elements were satisfied in the circumstances of this case.

Our letter requesting supplemental letter briefs also gave Neighbor the opportunity to address whether the omission of material facts from the separate statement was cured by application of California's doctrine of issue preclusion (i.e., collateral estoppel). Neighbor's letter brief stated the trial court did not rely on the doctrine of collateral estoppel in granting his motion for summary judgment.

In light of Neighbor's response and our own review of the record, it is apparent that Neighbor did not cure or negate the omission of material facts from his separate statement of undisputed facts by establishing that the omitted facts addressed issues that can be resolved by applying California's issue preclusion doctrine. (See *Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341 [requirements for application of the doctrine].) Therefore, a specific analysis of each element of the collateral estoppel is not required in this case.

D.     Step Three:  The Opposing Party's Showing

Once the moving party defendant has met his initial burden, "the burden shifts to the plaintiff … to show that a triable issue of one or more material facts exists as to that cause of action …." (§ 437c, subd. (p)(2).) Under this provision, the third step of the summary judgment analysis examines whether a plaintiff demonstrated the existence of a triable issue of material fact. (See *Brantley*, *supra*, 42 Cal.App.4th at p. 1602.) Based on our conclusion that Neighbor did not carry his initial burden as the moving party, we do not reach the third and last step of the summary judgment analysis. As a result, Neighbor's objections to the evidence presented in the declaration of Reggio's attorney are not relevant to the outcome of this appeal. Here, the summary judgment motion

17.

failed on its own and a consideration of the evidence submitted in opposition is unnecessary.

E.  Intentional Infliction of Emotional Distress

Neighbor's statute of limitations challenge to the cause of action for intentional infliction of emotional distress was based on the same facts asserted against the trespass and nuisance claims. Because the intentional wrong alleged in the emotional distress claim—namely, the trespasses and nuisances—might be of a continuing nature, the moving papers also fail to demonstrate that cause of action is time barred. This conclusion, however, should not be interpreted as identifying in any way the period of time for which emotional distress damages might be recovered. Whether that issue is reached in further proceedings on remand must be resolved in the trial court.

**DISPOSITION**

The judgment is reversed and the matter remanded to the trial court. The trial court is directed to vacate its order granting the motion for summary judgment and to enter a new order denying that motion. Reggio shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2), (c), (d).)

18.